■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN G. COLAVECCHIO, Appellant.— Case held, matter remanded to Onondaga County Court for further proceedings in accordance with the memorandum. Memorandum: This case comes to us after a so-called *Huntley* hearing *(People* v. *Huntley,* 15 N Y 2d 72). The Trial Judge found two statements made to Officer Colella at the time of the arrest to be voluntary. However, there was another oral admission made to Patrolman Gervais that was not passed upon by the Trial Justice, although it was received in evidence upon the trial. At a hearing of the *Huntley* type, all confessions and inculpatory admissions introduced as part of the People's case at the trial should be considered and voluntariness determined. *(People* v. *Harden,* 17 N Y 2d 470.) For this reason the matter should be remanded so that the Trial Judge may pass upon the question of the voluntariness of the admissions to Patrolman Gervais and so that the Trial Judge may determine whether all of the admissions made to Officers Colella and Gervais were proved to be voluntary beyond a reasonable doubt. (Appeal from order of Onondaga County Court denying, following a hearing, motion to vacate a judgment of conviction for grand larceny, first degree, rendered November 9, 1961.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON HUFF, Appellant.— Judgment unanimously affirmed. Memorandum: Defendant's guilt was so overwhelmingly established that the errors of the trial court in improperly questioning defendant's alibi witness concerning his previous incarceration and incorrectly charging the jury that flight raises a presumption of guilt should be disregarded (see Code Crim. Pro., § 542; *People* v. *James,* 24 A D 2d 608, affd. 17 N Y 2d 552 2/14/66). (Appeal from judgment of Monroe County Court convicting defendant of grand larceny, first degree.) Present — Williams, P. J., Henry, Del Vecchio and Marsh, JJ.